**FILED**
APR 18 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD LOZANSKY, )<br>Individually, )<br>3001 Veazey Terrace, NW, Apt.1022 )<br>Washington, DC 20008 )<br> )<br>and )<br> )<br>ANTHONY T. SALVIA, )<br>Individually, )<br>1111 Park Avenue )<br>New your, New York, 10028 )<br> )<br>          Plaintiffs, )<br> )<br>v. )<br> )<br>BARACK HUSSEIN OBAMA, )<br>President of the United States. )<br>1600 Pennsylvania Avenue, NW )<br>Washington, DC 20500 )<br> )<br>          Defendant. )<br> ) | Case: 1:11-cv-00737<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 4/18/2011<br>Description: General Civil |

## COMPLAINT

### NATURE OF ACTION

This action arises out of the Defendant's nonfeasance regarding the failure to execute a required ministerial act by appropriate proclamation, finding, Executive Order or otherwise, confirming previous determinations that the Russian Federation is in full compliance with Section 402, Title IV of the Trade Act of 1974, P.L. 93-618, 19 U.S.C. § 2432, popularly known as the "Jackson-Vanik Amendment" (hereinafter, "the Amendment" or "Jackson-Vanik") and as a consequence, the Russian Federation should be

graduated from its reach. Plaintiffs request that this Court enter a declaratory judgment that the Russian Federation has met the criteria for termination from Jackson-Vanik and issue an order requiring Defendant to take the ministerial action consistent with the previous determinations of two Presidents and to enforce Jackson-Vanik with respect to the Russian Federation as mandated by the plain language of Sections 401 and 402 of the Trade Act of 1974; and for such additional relief as the Court may deem necessary and appropriate.

Accordingly, COME NOW Plaintiffs Lozansky and Salvia, who allege as follows:

**PARTIES**

1. Plaintiff Edward Lozansky (hereinafter, "Lozansky") is an adult citizen of the District of Columbia. He is President of the American University in Moscow, an American nonprofit educational organization promoting a positive economic, political, and strategic relationship between the United States and Russia. The World Russia Forum, held on Capitol Hill since 1981, is a project of the American University in Moscow. Lozansky's business interests are directly affected by the trade relationship between the United States and the Russian Federation. The continued treatment of the Russian Federation as being subject to Jackson-Vanik, stifles trade between the United States and the Russian Federation and adversely effects the level of participation and interest in Lozansky's programs which he sponsors to promote such trade. Because no one can know from one year to the next whether the Defendant will grant the Russian Federation a waiver from Jackson-Vanik, businesses are less inclined to make long term plans and commitments and hence have a reduced interest in attending Lozansky's seminars, forums,

and related programs, all to Lozansky's detriment. In addition, Lozansky is unable to accomplish his goals as the president of the American University in Moscow, and fulfill the university's mandate to promote a positive economic and political relationship between the United States and the Russian Federation.

2. Plaintiff Anthony T. Salvia (hereinafter "Salvia") is an adult citizen of the State of New York. He is a recognized expert on American policy towards the Russian Federation and the surrounding region, having served as director of the Moscow bureau of Radio Free Europe/Radio Liberty and in the administration of President Ronald Reagan as Advisor to the Undersecretary of State for Political Affairs and as Deputy Director of Congressional Affairs in the Arms Control and Disarmament Agency. Salvia assists and advises Lozansky with respect to the activities described in the preceding paragraph.

3. Defendant Barack Hussein Obama (hereinafter, "the President" or "President Obama") is the President of the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. 2201 because Plaintiff is seeking declaratory relief. This Court has general subject matter jurisdiction under 28 U.S.C. 1331 because this action arises "under the …laws…of the United States".

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391, in that the nonfeasance of the Defendant alleged below was committed within the District of Columbia and within the geographical limits of this Court.

## ALLEGATIONS OF FACT

6.     In 1974, Congress enacted and then President Gerald Ford signed the Trade Act of 1974, which in Title IV, governed "Trade Relations with Certain Countries". Section 401 of Title IV, provides: "[e]xcept as otherwise provided in this subchapter, the President shall continue to deny nondiscriminatory treatment to the products of any country, the products of which were not eligible for the rates set forth in rate column numbered 1 of the Tariff Schedules of the United States on January 3,1975." (19 U.S.C. 2431.) Entered on that list was the Soviet Union, but not the Russian Federation.

7.     Section 402 of Title IV, the so-called Jackson-Vanik Amendment, conditioned trade relations between the United States and "nonmarket economy countries" on whether such countries allowed their citizens the ability to emigrate. The portion of the Amendment directly relevant to this action reads as follows:

"**§ 2432. Freedom of emigration in East-West trade**

"(a) Actions of *nonmarket economy countries* making them ineligible for normal trade relations, programs of credits, credit guarantees, or investment guarantees, or commercial agreements

"To assure the continued dedication of the United States to fundamental human rights, and notwithstanding any other provision of law, on or after January 3, 1975, products *from any nonmarket economy country* shall not be eligible to receive nondiscriminatory treatment (normal trade relations), such country shall not participate in any program of the Government of the United States which extends credits or credit guarantees or investment guarantees, directly or indirectly, and the President of the United States shall not conclude any commercial agreement with any such country, during the period beginning with the date on which the President determines that such country—

"(1) denies its citizens the *right or opportunity to emigrate*;

"(2) imposes more than a nominal tax on emigration or on the visas or other documents *required for emigration*, for any purpose or cause whatsoever; or

"(3) imposes more than a nominal tax, levy, fine, fee, or other charge on any citizen as a consequence of the *desire of such citizen to emigrate* to the country of his choice,

"and *ending on the date on which the President determines that such country is no longer*

*in violation of paragraph (1), (2), or (3)."* (emphasis added)

## MARKET ECONOMY FINDING

8. In June 1992, the Russian Federation was granted Normal Trade Relations ("NTR") status under the presidential waiver authority of Jackson-Vanik, and in September 1994, that NTR status was confirmed by President Bill Clinton in his initial report to Congress of the Russian Federation's "full compliance" with the Amendment. In each report filed since that time, the President has reconfirmed his determination of full compliance. No joint resolution of disapproval has been enacted by Congress.

9. On June 6, 2002, the Department of Commerce's Import Administration announced its determination that the Russian Federation had made the transition to a market economy for purposes of the U.S. antidumping and countervailing duty laws. This decision was the culmination of a nine-month, public investigation conducted under U.S. law. The effective date for Russia's graduation was April 1, 2002. As a result of the Department's finding, the U.S.-countervailing duty law no longer applied to Russia. Furthermore, the Commerce Department was to henceforth use the standard market economy methodology in antidumping cases once a sufficient period of time had passed so that adequate market economy data is available."[1] This finding was supported by a lengthy memorandum[2] detailing the criteria supporting such finding.

10. No less an authority than Richard Perle, at the time of the Amendment's enactment a staffer for its Senate sponsor, Sen. Henry "Scoop" Jackson, and by his own

---

[1] Department of Commerce press release, "DEPARTMENT OF COMMERCE ANNOUNCES MARKET ECONOMY STATUS FOR THE RUSSIAN FEDERATION." Found at http://www.trade.gov/media/PressReleases/may2002/russianMESannounce_060602.html   While the immediate purpose of the 2002 finding related only to antidumping, there is no question regarding the fact that Russia was not, as a factual matter, a nonmarket economy country

[2] Memorandum for Faryar Shirzad, Assistant Secretary, Import Administration, Department of Commerce, "Inquiry into the Status of the Russian Federation as a Nonmarket Economy Country Under the U S Antidumping Law " Found at http://www.ia.ita.doc.gov/download/russia-nme-status/russia-nme-decision-final.htm .

affirmation[3] the person who drafted the Amendment, has expressed the view that Russia no longer is subject to its restrictions because the Russian Federation is a not a nonmarket economy country. Mr. Perle most recently publicly stated this before media and an audience of several hundred people at the U.S.-Russia Forum chaired by Plaintiff Lozansky at the U.S. Senate Hart Office Building on March 29, 2011.

## FREEDOM OF EMIGRATION FINDING

11. According to then President George W. Bush, "[s]ince 1994, Russia has been found in compliance with Jackson-Vanik's freedom of emigration requirements,"[4] as found at section 2432(a)(1), (2), and (3). Thus, during the previous two administrations involving both political parties, the Executive Branch, currently headed by President Obama, publicly acknowledged that the Russian Federation, in the words of the Amendment, "is no longer in violation of paragraph (1), (2), or (3)." President Obama has taken no action nor made any statement indicating any contrary assessment of Russia's performance in the area of emigration, which all authorities acknowledge is now freely permitted.[5] Notwithstanding such conclusions of Russia's practice of free emigration, neither President Obama nor his predecessors ever affirmed such in an official pronouncement removing Russia from further Jackson-Vanik application.

10. According to the plain reading of sections 401 and 402 of Title IV, the Russian Federation should no longer be subject to trade restrictions imposed by Jackson-Vanik.

---

3  *PBS org*, "Richard Perle The Making of a Neoconservative," undated: "So Scoop [i e , Senator Jackson] got behind the idea of an amendment, *which I had the privilege of actually drafting*, that said to the Soviet Union if you want most favored nation status, you have to let people immigrate " (emphasis added) Found at http //www pbs org/thinktank/transcript1017 html .
4  The White House, "Jackson-Vanik and Russia Fact Sheet," November 13, 2001  Found at http://georgewbush-whitehouse archives gov/news/releases/2001/11/20011113-16 html

5  See, for example, Department of State, "2009 Human Rights Report: Russia". "The law provides for freedom of movement within the country, foreign travel, *emigration* and repatriation,  . The law provides all citizens with the right to *emigrate*, and this right was generally respected " (emphasis added) Found at http //www.state gov g/drl rls/hrrpt/2009/eur/136054 htm

Section 401 creates an exception to the prohibition on the President's granting of nondiscriminatory treatment to the goods of certain countries by stating clearly, "[e]xcept as otherwise provided in this subchapter..." Then section 402 ( Jackson-Vanik) describes that exception.  First, Jackson-Vanik, applies only to nonmarket economy countries, which according to determinations of Presidents Clinton and Bush, and the detailed analysis by the Department of Commerce, Russia had not been since at least 1994.   Second, Jackson-Vanik applies only to countries that fail to permit free emigration, as set out in paragraphs (a)(1), (2), and (3) of the Amendment, which standard Russia has met since  1994, based on the successive determinations of two sitting Presidents that Russia is in "full compliance" with Jackson-Vanik.   These two irrefutable facts are dispositive of the question that the Jackson-Vanik does not apply to the Russian Federation.

11. The Defendant's continued non-action to remove the Russian Federation permanently from the application of trade restrictions supposedly based on Jackson-Vanik is without legal basis and should be corrected by an appropriate ministerial act.

## COUNT ONE--DECLARATORY JUDGMENT

12. Paragraphs 1-11 are incorporated herein.

13. Plaintiffs seek a declaratory judgment that the Russian Federation is not subject to Jackson-Vanik because: (a)it is not one of the countries listed in "rate column numbered 1 of the Tariff Schedules of the United States on January 3, 1975"; and (b) it is in "full compliance" with the proscriptions of Jackson-Vanik and thus comes within the exception created by section 402.

14. The President has a legal and moral obligation to take care that the laws be

faithfully executed.[6]  Defendant has continued to subject Russia to procedures applicable only to nonmarket economy countries as described in the Amendment, such as the vagaries of an annual report to Congress reconfirming each time his determination that Russia is in full compliance with Jackson-Vanik and the possibility that Congress would act by passing a joint resolution of disapproval, all of which constitutes nonfeasance of Defendant's constitutional and legal obligation.  While claiming to favor lifting Jackson-Vanik trade restrictions on Russia, Defendant Obama has continued his immediate predecessor's unfounded contention[7] that only Congress can lift Jackson-Vanik restrictions.  Clearly, that is erroneous, as demonstrated by the plain language of Sections 401 and 402.

15.   Defendant owes a duty to Plaintiffs and has an obligation to remove the Russian Federation from the list of countries covered by Jackson-Vanik.  Defendant's continued inaction harms Plaintiff Lozansky's business because of the uncertainties created by having the Russian Federation subjected to the President's annual reconfirmation of "full compliance", which could be influenced by things other than the specific provisions of Jackson-Vanik, and to the whims of Congress, which can pass an act of disapproval even if the President reconfirms his determination of "full compliance".  Since the Defendant has not done so on his own, this Court should order him to do so now.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray this court will issue a declaratory judgment that the provisions of Section 402 of the Trade Act of 1974 ( the Jackson-Vanik Amendment), do

---

6  Constitution of the United States, Article II, Section 3

7  For example "Since 1994, Russia has been found in compliance with the Amendment's freedom of emigration requirements.  It continues to be subject to semi-annual compliance reviews  *Ending the application of the Jackson-Vanik provisions to Russia requires legislation by Congress  This is a prerequisite to the extending unconditional or permanent normal trade relations to Russia* " (emphasis added)  The White House, "Jackson-Vanik and Russia Fact Sheet," November 13, 2001  Found at http //georgewbush-whitehouse archives gov/news/releases/2001/11/20011113-16 html

even if the President reconfirms his determination of "full compliance". Since the Defendant has not done so on his own, this Court should order him to do so now.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray this court will issue a declaratory judgment that the provisions of Section 402 of the Trade Act of 1974 ( the Jackson-Vanik Amendment), do not apply to the Russian Federation; issue a Writ of Mandamus directing Defendant Obama to fulfill his Presidential duties by taking the ministerial action of executing an appropriate finding, proclamation, or other Executive Order incorporating the previous determinations made by two sitting Presidents and of the Commerce Secretary that the Russian Federation is not a nonmarket economy and that it allows its citizens to freely emigrate, such that it should not henceforth be subject to the trade restrictions of Jackson-Vanik in any way; such further and other relief as the Court deems appropriate.

.

Dated: April 18, 2011                    Respectfully submitted,

*Kathy Bailey*
_____
Kathy Bailey
DC Bar No. 427407
James T. Pitts
DC Bar No. 397392
BAILEY|GARY PC
1615 L Street, NW, Suite 650
Washington, DC 20036
Phone: (202) 887-8040
Fax: (202) 887-8044
kbailey@baileygary.com
jpitts@baileygary.com